UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DENNIS C. STRONG,

      Plaintiff,

v.              Case No. 21-cv-865-pp

STATE OF WISCONSIN,
KELLY SALINAS,
and MICHAEL BERNSTEIN,

      Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2)**

Plaintiff Dennis C. Strong, who is confined at the Dodge Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, along with a motion for leave to proceed without prepaying the filing fee. Dkt. Nos. 1, 2. Under the Prison Litigation Reform Act (PLRA), a prisoner may not bring a civil action or appeal a civil judgment without prepaying the filing fee

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g). Strikes include any prisoner action dismissed on any of the three enumerated grounds both before and after the enactment of the PLRA. Evans v. Ill. Dep't of Corrs., 150 F.3d 810, 811 (7th Cir. 1998) (citing Abdul-Wadood v. Nathan, 91 F.3d 1023, 1025 (7th Cir. 1996)).

1

Court records show that the plaintiff has accumulated three strikes: (1) Strong v. Wis. Dep't of Corrs., *et al.*, Case No. 17-cv-967-NJ (E.D. Wis.), dismissed for failure to state a claim on March 22, 2018; (2) Strong v. Wis. State Public Defender, *et al.*, Case No. 17-cv-1714-PP (E.D. Wis.), dismissed for failure to state a claim on July 25, 2018; and (3) Strong v. Thompson, Case No. 17-cv-981-JPS (E.D. Wis.), dismissed for failure to state a claim on March 28, 2018. Because the plaintiff previously has filed at least three cases that were dismissed as frivolous, malicious or for failure to state a claim, the court must deny his motion for leave to proceed without prepaying of the filing fee unless he is under imminent danger of serious physical injury.

To meet the imminent danger requirement of 28 U.S.C. §1915(g), a plaintiff must allege a physical injury that is imminent or occurring at the time he filed the complaint, and the threat or prison condition causing the physical injury must be real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002)). "Allegations of past harm do not suffice" to show imminent danger. Id. at 330 (citing Heimermann v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003)). Generally, courts "deny leave to proceed [without prepaying the filing fee] when a prisoner's claims of imminent danger are conclusory or ridiculous." Id. at 331 (citing Heimerman, 337 F.3d at 782).

The plaintiff alleges that the defendants have denied him access to his personal legal materials which has prevented him from pursuing several state court legal actions. Dkt. No. 1 at 3-4. These allegations do not meet the

2

imminent danger requirement. The court will deny the plaintiff's motion for leave to proceed without prepaying the filing fee.

If the plaintiff wants to proceed with this case, he must pay the full civil filing fee of $402 (the sum of the $350 filing fee and the $52 administrative fee) by the deadline set below. <u>Newlin v. Helman</u>, 123 F.3d 429, 433-34 (7th Cir. 1997), <u>rev'd on other grounds by</u> <u>Walker v. O'Brien</u>, 216 F.3d 626 (7th Cir. 2000) and <u>Lee v. Clinton</u>, 209 F.3d 1025 (7th Cir. 2000); 7th Cir. R. 3(b). The court will dismiss the case if the plaintiff does not pay the full filing fee within fourteen days, that is, in time for the court to receive it by the end of the day on **December 22, 2021**. If the court receives the full filing fee by December 22, 2021, the court will consider the pending motion for leave to file an amended complaint. Dkt. No. 5.

The court **DENIES** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **ORDERS** that the plaintiff shall forward to the Clerk of Court the sum of $402 as the full filing fee in this case in time for the court to receive it by the end of the day on **December 22, 2021**. The plaintiff must clearly identify the payment by the case name and number assigned to this case. The plaintiff's failure to comply with this order will result in dismissal of the case.

Dated in Milwaukee, Wisconsin this 7th day of December, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**